IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)   **CIVIL ACTION NO.**<br>**Plaintiff,**   )<br>)<br>v.   )<br>)   **COMPLAINT**<br>**MANNATECH INC.**   )<br>)   **DEMAND FOR JURY TRIAL**<br>)<br>**Defendant.**   )<br>_____) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jill Roberts, who was discriminated against because of her disability (Multiple Sclerosis and Neurogenic Bladder Syndrome) or because she was regarded as disabled by the Defendant or had a record of a disability. The Equal Employment Opportunity Commission ("Commission") alleges that the Defendant violated the Americans with Disabilities Act by failing or refusing to provide a reasonable accommodation to Ms. Roberts because of her disability and that the Defendant terminated Ms. Roberts because she is disabled, because she was regarded as disabled and/or because she has a record of a disability .

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 107(a) of the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§706(f)(1),(3) and 707(a) of of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1),(3) and 2000e-6(a), and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C.§1981A.

2.      The employment policies and practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by §107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§706(f)(1),(3) and 707(a) of Title VII, 42 U.S.C. §2000e-5(f)(1),(3) and 2000e-6(a).

4.      At all relevant times, Defendant, Mannatech Inc., has continuously been and is now doing business in the State of Texas and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under § 101(5) of the ADA, 42 U.S.C.§ 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under §101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Ms. Roberts filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. The Defendant has engaged in unlawful employment practices, in violation of § 102 of Title I of the ADA, 42 U.S.C. § 12112, by denying Roberts a reasonable accommodation because of her disability. Roberts has Multiple Sclerosis. She also has Neurogenic Bladder Syndrome, which she developed as a consequence of the Multiple Sclerosis. Roberts requested the reasonable accommodation to use the restroom on an as-needed basis, which was denied. The Defendant further engaged in unlawful employment practices by terminating Roberts from her position in the Call Center because she is disabled, regarded as disabled or because she has a record of a disability.

9. The effect of the practices complained of in paragraph 8, above, has been to deprive Roberts of equal employment opportunities, and has otherwise adversely affected her status as an employee.

10. The unlawful policies and practices complained of in paragraph 8, above, were committed intentionally.

11. The unlawful policies and practices complained of in paragraph 8, above, were committed with malice or with reckless indifference to the federally protected rights of Roberts.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction ensuring compliance with the ADA, and enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.   Order the Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of the Defendant's past and present unlawful practices.

C.   Order the Defendant to make whole Jill Roberts by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to rightful place reinstatement or front pay in lieu thereof.

D.   Order the Defendant to make Roberts whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

E.   Order the Defendant to pay Roberts punitive damages for its malicious conduct or reckless indifference described in paragraph 8, 10, and 11 above, in an amount to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

_____
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

_____
JOEL P. CLARK
Trial Attorney
Texas Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston, Third Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)