**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § § § | |
| Plaintiff, | | |
| v. | § § | **CIVIL ACTION NO. 3:09-cv-01834-L** |
| **MANNATECH INC.,** | § § § | |
| Defendant. | § | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Plaintiff, Equal Employment Opportunity Commission ("EEOC"), and Defendant, Mannatech, Incorporated ("Mannatech"), in the United States District Court for the Northern District of Texas, Dallas Division, with regard to the EEOC's Complaint in Civil Action No. 3-09CV-1834-L. The Complaint was based upon a Charge of Discrimination filed by Jill Roberts against the Defendant employer. The Commission alleges that Defendant violated Title I of the Americans With Disabilities Act of 1990 by discriminating against Jill Roberts on the basis of her disability (Multiple Sclerosis and Neurogenic Bladder Syndrome), by failing or refusing to provide a reasonable accommodation and by terminating her employment because she is disabled, because she was regarded as disabled and/or because she has a record of a disability.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree"). It is understood that this Consent Decree

does not constitute an admission by the Defendant of a violation of any law enforced by the EEOC, or otherwise, including any violation of the Americans With Disabilities Act.

**NOW, THEREFORE,** in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate and therefore, it is **ORDERED, ADJUDGED AND DECREED** that:

1. This Consent Decree resolves all issues raised in the EEOC's Complaint filed in this civil action. The EEOC waives further claims and/or litigation on all issues raised in the above-referenced Charge of Discrimination and the Complaint.

2. The Defendant will conduct all employment practices in a manner that does not subject any employee to disability discrimination, including failure to provide reasonable accommodation and/or termination under Title I of the Americans With Disabilities Act of 1990.

3. Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, are hereby enjoined from: (1) discriminating against any employee on the basis of disability in violation of Title I of the Americans With Disabilities Act of 1990; (2) failing to provide reasonable accommodation under Title I of the Americans With Disabilities Act of 1990; and (3) terminating any employee because he/she is disabled, regarded as disabled and/or has a record of a disability.

4. The Defendant shall not discriminate or retaliate against any person involved in or who provided any information related to the referenced charge or litigation, including Jill Roberts, because of opposition to any practice declared unlawful under Title I of the Americans With Disabilities Act of 1990, or because of the filing of a charge, giving testimony, assistance or participation in any manner in any investigation, proceeding or hearing under Title I of the Americans With Disabilities Act of 1990.

5.      The Defendant will develop an ADA Reasonable Accommodation Procedure that includes an employee procedure for requesting reasonable accommodation under the ADA, and a company procedure for responding to those requests.

6.      The Defendant will disseminate the ADA Reasonable Accommodation Procedure to all employees, including hourly workers, managers, supervisors and Human Resource personnel within 90 days after the entry of this Consent Decree.

7.      The Defendant will disseminate the ADA Reasonable Accommodation Procedure to all temporary agencies and services that recruit and hire contingent workers to perform services or duties for the Defendant within 90 days after the entry of this Consent Decree.

8.      The Defendant will post the Notice appended hereto as "Attachment A" on the employee bulletin board in the Company cafeteria (at which Company-wide meetings are held), within 90 days after entry of this Consent Decree.  The Notice will remain posted in the cafeteria during the 2-year term of this Consent Decree.  The Defendant will report to the EEOC that it has complied with this requirement within 90 days after posting the Notice.

9.      The Defendant shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure compliance with the Americans with Disabilities Act, and to report any incidents and/or complaints of disability discrimination, failure to provide reasonable accommodation, and/or termination because of an employee's disability, because the employee is regarded as disabled and/or has a record of a disability of which they become aware to the persons charged with handling such complaints.

10.     The Defendant will conduct training once a year for all of its supervisors, managers and Human Resource personnel at all Mannatech Inc. facilities, advising them of the requirements and prohibitions of the Americans with Disabilities Act.  The training will inform

the employees of Mannatech's ADA Reasonable Accommodation Procedure. The training also will include the provisions of the Notice attached as Attachment A, which is hereby incorporated and made a part of this Consent Decree. The training will advise these employees of the consequences of violating the Americans with Disabilities Act. The training shall be at least one hour in duration. Defendant agrees to give written notice to the EEOC within fourteen (14) days after each training session, providing the following information: (a) the date and location of the training; (b) the list of employees attending; (c) the name of the person providing the training; and (d) the substance of the training.

11.   The Defendant will remove from its records and files any notations, remarks, written disciplinary warnings, or other indications placed in any of the Charging Party's personnel files regarding the subject matter of the Charge of Discrimination filed in this matter, if any.

12.   The Defendant will provide to any employer or prospective employer a neutral reference for the Charging Party. The reference will include the dates of employment, salary history, and job history.

13.   Defendant will pay Jill Roberts the gross amount of $35,000 in settlement of this case. The parties agree that $5,387.86 of this total amount represents settlement of Ms. Roberts' backpay damages, and taxes should be deducted from this amount only. The remainder is settlement of EEOC's other claims for damages. The checks shall be made payable to Jill Roberts within twenty-one (21) days from entry of this Consent Decree by the Judge. Payment shall be in the form of checks mailed to Jill Roberts, 125 Oakhurst Court, Hurst, Texas 76053 by certified mail, return receipt requested. Defendant will issue the appropriate IRS forms to Ms. Roberts.

14. All reports to the EEOC required by this Decree shall be sent to William C. Backhaus, Senior Trial Attorney, EEOC, 207 S. Houston, Third Floor, Dallas, Texas 75202.

15. The duration of this Decree shall be two (2) years from the date of its filing with the Court. This Court shall retain jurisdiction of this action during the period of this Decree and may enter further orders or modifications as may be appropriate. Should any disputes under this Decree remain unresolved after this 2-year period, the term of the Decree shall be automatically extended, and the Court will retain jurisdiction of this matter to enforce the Consent Decree, until such time as all disputes have been resolved.

16. Plaintiff EEOC shall have the right to ensure compliance with the terms of this Consent Decree, and may use reasonable efforts to ensure compliance with this Decree.

17. The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

**SO ORDERED, ADJUDGED AND DECREED** this 29th day of March, 2010.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**AGREED AS TO FORM AND SUBSTANCE:**

Signed this 29th day of March, 2010.

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|

JAMES LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

By:/s/ Robert A. Canino                           By:/s/ Dan C. Dargene
    ROBERT A. CANINO                            DAN C. DARGENE
    Regional Attorney                                  Texas State Bar No. 05384200
    Oklahoma State Bar No. 011782         SEAN C. URICH
                                                                    Texas State Bar No. 24033287

SUZANNE M. ANDERSON                          OGLETREE, DEAKINS, NASH,
Supervisory Trial Attorney                            SMOAK & STEWART, P.C.
Texas State Bar No. 14009470                    700 Preston Commons
                                                                        8117 Preston Road
WILLIAM C. BACKHAUS                           Dallas, Texas 75225
Senior Trial Attorney                                    Tel. No. (214) 987- 3800
Texas State Bar No. 01493850                   Fax No. (214) 987- 3927

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, Third Floor
Dallas, Texas 75202
Tel No. (214) 253-2742
Fax No. (214) 253-2749

8344258.2 (OGLETREE)

**CONSENT DECREE**                                                               **6**

## **NOTICE**

This notice is being posted pursuant to a Consent Decree entered into between Mannatech, Incorporated ("Mannatech") and the Equal Employment Opportunity Commission, based upon a Charge of Discrimination alleging disability discrimination under the Americans with Disabilities Act ("ADA").

An employer cannot discriminate against qualified applicants and employees on the basis of disability. Under the Americans With Disabilities Act, an <u>individual with a disability</u> is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

* application              * promotion
* testing                  * medical examinations
* hiring                   * layoff/recall
* assignments              * termination
* evaluation               * compensation
* disciplinary actions     * leave


Mannatech hereby states that under the ADA, an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it can show that the accommodation would cause an undue hardship on the operation of its business. Some examples of reasonable accommodation include:

- making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- job restructuring;
- modifying work schedules;
- modifying conditions of work (e.g., additional restroom breaks);
- reassignment to a vacant position;
- acquiring or modifying equipment or devices; or
- providing qualified readers or sign language interpreters.


If a qualified individual with a disability can perform the essential functions of a position, with or without accommodation, Mannatech is required to provide a reasonable accommodation unless the accommodation would represent an undue hardship to Mannatech's operation or

would present a direct threat to the employee or to others. An accommodation poses an undue hardship when it requires significant difficulty or expense. Significant difficulty or expense can be determined by several factors, including but not limited to: the nature and cost of the accommodation; the overall financial resources of Mannatech, the impact on Mannatech's operations; and the nature of Mannatech's operations. An individual who, because of a disability, poses a direct threat to the health or safety of the individual or other persons, even with a reasonable accommodation, is not a qualified individual with a disability.

Each supervisor has a responsibility to help maintain a workplace free of discrimination. This duty includes compliance with Mannatech's policy not to discriminate against employees because of their race, color, sex, national origin, religion, age or disability, and to encourage reporting of incidents involving discrimination. Retaliation against individuals who raise concerns of discrimination is strictly prohibited.

An employee has the right, and is encouraged to exercise that right to report allegations of discrimination in the workplace. An employee may do so by notifying the Director of Human Resources at (972) 471-7379. Employees who do not wish to go to the Director of Human Resources may instead report to any supervisor or manager. Supervisors and managers who are informed of a complaint or allegation of discrimination must immediately notify the Director of Human Resources. An employee may also choose to file a charge of discrimination with the Equal Employment Opportunity Commission. The address and telephone number of the nearest EEOC office is 207 South Houston Street, Third Floor, Dallas, Texas 75202; (214) 253-2700. Mannatech encourages employees to report any allegations of discrimination to the Director of Human Resources, their supervisor, or a manager at Mannatech as a confidential and effective way to address their concerns.

Any report of discrimination will be thoroughly investigated, with disciplinary action, up to and including termination, taken, if appropriate, against any person(s) found to have engaged in such conduct.

| | |
|---|---|
| Date | Mannatech, Inc. |

8344542.1 (OGLETREE)

**NOTICE** **2**